Print

# CASE INFORMATION

## CV-14-835204 TIMOTHY AND CAROLINE KASSOUF vs. UNITED STATES LIABILITY INSURANCE GROUP

| Docket Information |
|---|

| Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 12/02/2014 | N/A | JE | CMC BY PHONE SET FOR 01/08/2015 AT 09:00 AM BY TELEPHONE. CASE MANAGEMENT CONFERENCE (CMC) WILL BE CONDUCTED BY TELEPHONE WITH THE COURT'S STAFF ATTORNEY. PLAINTIFF'S COUNSEL SHALL INITIATE CONFERENCE CALL WITH ALL OTHER PARTIES AND CONTACT THE COURT'S STAFF ATTORNEY, JAYNE JAKUBAITIS (216-443-8611) PROMPTLY AT THE APPOINTED TIME. PARTIES SHALL HAVE THEIR CALENDARS AVAILABLE AND BE PREPARED TO DISCUSS SERVICE ISSUES, DISCOVERY PROGRESS, SCHEDULING MATTERS, AND ALTERNATIVE DISPUTE RESOLUTION OPTIONS. THE PARTIES SHOULD NOT WAIT FOR THE CMC BEFORE BEGINNING TO CONDUCT DISCOVERY. ANY PARTY WHO FAILS TO PARTICIPATE IN THE CMC WILL BE DEEMED TO HAVE ACCEPTED THE SCHEDULING ORDER ESTABLISHED BY THE COURT. PARTIES MAY REQUEST THAT THE CASE MANAGEMENT CONFERENCE BE HELD IN PERSON WITH THE COURT BY FILING A MOTION AT LEAST SEVEN DAYS PRIOR TO THE SCHEDULED CASE MANAGEMENT CONFERENCE. NOTICE ISSUED | 🗎 |
| 11/26/2014 | D1 | OT | STIPULATION FOR LEAVE TO PLEAD FILED | |
| 11/13/2014 | D1 | SR | CERTIFIED MAIL RECEIPT NO. 24715133 RETURNED BY U.S. MAIL DEPARTMENT 11/12/2014 UNITED STATES LIABILITY INSURANCE GROUP MAIL RECEIVED AT ADDRESS 11/06/2014 SIGNED BY OTHER. | |
| 11/04/2014 | D1 | SR | SUMS COMPLAINT(24715133) SENT BY CERTIFIED MAIL. TO: UNITED STATES LIABILITY INSURANCE GROUP 1190 DEVON PARK DRIVE P.O. BOX 6700 WAYNE, PA 19087 | 🗎 |
| 11/03/2014 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 11/03/2014 | D1 | CS | WRIT FEE | |
| 11/03/2014 | N/A | SF | JUDGE BRENDAN J SHEEHAN ASSIGNED (RANDOM) | |
| 11/03/2014 | P1 | SF | LEGAL RESEARCH | |
| 11/03/2014 | P1 | SF | LEGAL NEWS | |
| 11/03/2014 | P1 | SF | LEGAL AID | |
| 11/03/2014 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 11/03/2014 | P1 | SF | COMPUTER FEE | |
| 11/03/2014 | P1 | SF | CLERK'S FEE | |
| 11/03/2014 | P1 | SF | DEPOSIT AMOUNT PAID REMA A INA | |
| 11/03/2014 | P1 | SF | DEPOSIT AMOUNT PAID REMA A INA | |
| 10/31/2014 | N/A | SF | CASE FILED: COMPLAINT | 🗎 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
For questions/comments please click here.
Copyright © 2014 PROWARE. All Rights Reserved. 1.0.104

# SUMMONS IN A CIVIL ACTION — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

## CLEVELAND, OHIO 44113

| CASE NO.<br>CV14835204 | D1 CM | SUMMONS NO.<br>24715133 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

| | |
|---|---|
| TIMOTHY AND CAROLINE KASSOUF<br>VS<br>UNITED STATES LIABILITY INSURANCE<br>GROUP | **PLAINTIFF**<br><br>**DEFENDANT** |

# **SUMMONS**

UNITED STATES LIABILITY INSURANCE
GROUP
1190 DEVON PARK DRIVE
P.O. BOX 6700
WAYNE PA 19087

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

REMA A INA
1301 EAST 9TH STREET SUITE 1900

CLEVELAND, OH 44114-0000

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

BRENDAN J SHEEHAN
**Do not contact judge. Judge's name is given for
attorney's reference only.**

**ANDREA F. ROCCO**
Clerk of the Court of Common Pleas

| DATE<br>Nov 3, 2014 | By_____*MW*_____<br>Deputy |
|---|---|

COMPLAINT FILED   10/31/2014



UNITED STATES LIABILITY
INSURANCE GROUP

NOV - 6 2014

LEGAL & COMPLIANCE

CMSN130



**ANDREA F. ROCCO**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**October 31, 2014 17:51**

By: REMA A. INA 0082549

Confirmation Nbr. 273742

TIMOTHY AND CAROLINE KASSOUF, ET AL

CV 14 835204

vrs.

**Judge:**

UNITED STATES LIABILITY INSURANCE GROUP

BRENDAN J. SHEEHAN

Pages Filed: 19

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **TIMOTHY AND CAROLINE KASSOUF** | ) | C/ Judge: BRENDAN J SHEEHAN |
| **4092 Tudor Avenue** | ) | |
| **Brunswick, Ohio 44212** | ) | JU    CV 14 835204 |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES LIABILITY** | ) | **COMPLAINT** |
| **INSURANCE GROUP** | ) | |
| **1190 Devon Park Drive** | ) | |
| **P.O. Box 6700** | ) | |
| **Wayne, Pennyslvania 19087** | ) | |
| | ) | |
| **Defendant** | | |

Now come the Plaintiffs, Timothy and Caroline Kassouf, by and through undersigned counsel, pursuant to O.R.C. § 3929.06, for their Supplemental Complaint state as follows:

### THE UNDERLYING LAWSUIT

1. On June 16, 2014, Plaintiffs filed a lawsuit as the result of Plaintiff Timothy Kassouf alleging Betty Thomas did not exercise reasonable care in protecting him from slipping and falling on ice on her property.

2. The underlying lawsuit, *Timothy and Caroline Kassouf v. Betty Thomas, Case No. CV 14 828383* was filed in the Cuyahoga County Court of Common Pleas. The Complaint in the underlying lawsuit is attached as Exhibit 1.

3. Betty Thomas was served with process in the underlying lawsuit and she tendered the suit to her insurance company, Defendant United States Liability Insurance Group ("USLI").

4. In letters dated April 15, 2014 and July 24, 2014, USLI declined to provide Thomas with a defense and indemnity. Those letters are attached as Exhibits 2 and 3.

5. On September 12, 2014, Plaintiffs and Thomas entered into an agreement in which Thomas assigned to Plaintiffs her rights against USLI. Plaintiffs, in turn, agreed and covenanted not to execute on the personal, non-insurance assets of Thomas. The Assignment of Rights and Covenant Not to Execute is attached as Exhibit 4.

6. Plaintiffs and Thomas entered in a Consent Judgment Entry which entered judgment in favor of Plaintiffs in the amount of two hundred thousand, sixty-three dollars ($263,000.00). The Consent Judgment Entry is attached as Exhibit 5.

7. Having refused to provide Betty Thomas, its insured, with a defense or indemnity, to its claims, USLI, cannot now challenge the entry of judgment that establishes Betty Thomas' liability to Plaintiffs or the amount of damages adjudged against Betty Thomas in Plaintiffs' favor.

## CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT

8. Plaintiffs reincorporate, by reference, paragraphs 1 through 7 of this Complaint as if fully rewritten here.

9. Betty Thomas had a Commercial General Liability Policy, number CL 1568893, in effect with USLI during the policy term of February 23, 2014 to February 23, 2015. (A true copy of the policy will be obtained in discovery as Defendant will not voluntarily share it).

10. Thomas' policy with USLI contains this grant of Commercial General Liability Coverage on

    form CG 00 01 10 01:

    **SECTION I- COVERAGES**

    **COVERAGE A BODILY INJURY AND POPERTY DAMAGE LIABILITY**

    1.  **Insuring Agreement**

        a. We will pay those sums that the insured becomes legally obligated to pay
           as damages because of "bodily injury" or "property damage" to which this
           insurance applies. We will have the right and duty to defend the insured
           against any "suit" seeking those damages. However, we will have no duty
           to defend the insured against any "suit" seeking damages for "bodily
           injury" or "property damage" to which this insurance does not apply.  ***

11. USLI denied Thomas both a defense and indemnity based on the erroneous claim that

    Plaintiff Timothy Kassouf was a volunteer worker or casual laborer. USLI's letter stated that

    there is a policy exclusion for volunteer workers and casual laborers. (Exhibit 3).

12. USLI's denial of coverage and the failure to provide a defense to Thomas in the underlying

    lawsuit were wrong and improper and in violation of its legal duties under the policy with

    Thomas.

13. The USLI policy, issued to Thomas, provides liability insurance coverage for the judgment

    that Plaintiffs obtained against her.

14. USLI is obligated to indemnify Betty Thomas and/or her judgment creditors and assignees in

    fact, Plaintiffs.

15. USLI is bound under Ohio law and the Judgment entered by the Honorable Pamela Barker in

    the underlying lawsuit.

16. USLI is liable to Plaintiffs in the amount of two hundred thousand, sixty-three dollars ($263,000.00) since the Plaintiffs obtained a judgment against Thomas in that amount in the underlying lawsuit.

17. The Plaintiffs are entitled to Declaratory Judgment that USLI is responsible for paying two hundred thousand, sixty-three dollars ($263,000.00) for the judgment rendered against Thomas in the underlying lawsuit.

WHEREFORE, Plaintiffs respectfully request judgment against the Defendant as follows:

a. That a Declaratory Judgment be entered by the Court requiring the Defendant to pay the amount of two hundred thousand, sixty-three dollars ($263,000.00) for the judgment entered by this Court in the matter of *Timothy and Caroline Kassouf v. Betty Thomas, Case No. CV 14 828383* and interest thereon;

b. That the Defendant be taxed the costs of this action, as well as the underlying lawsuit, including reasonable attorneys fees, and prejudgment and post-judgment interest;

c. For any such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Rema A. Ina*

**REMA A. INA (0082549)**
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH 44114
Telephone:    (216) 687-3336
Facsimile:    (216) 621-8369
E-mail:    Rina@westonhurd.com
Counsel for Plaintiff

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| TIMOTHY AND CAROLINE KASSOUF )<br>4092 Tudor Avenue )<br>Brunswick, Ohio 44212 )<br> )<br>      **Plaintiff** )<br> )<br>      v. )<br> )<br>**BETTY THOMAS** )<br>3780 East Pleasant Valley Rd. )<br>Seven Hills, Ohio 44131 )<br> )<br>      **Defendant** )<br> ) | **CASE NO.**<br><br>**JUDGE**<br><br><br><br><br><br>**COMPLAINT** |

Now come the Plaintiffs, Timothy and Caroline Kassouf, by and through undersigned

counsel, and for their Complaint against Defendant, Betty Thomas, set forth as follows:

### FIRST CLAIM FOR RELIEF
### PREMISES LIABILITY

1.    Defendant Thomas owns a building located at 2950 East 55th St. Cleveland, Ohio.

2.    On or about February 26, 2014, Plaintiff Timothy Kassouf was legally upon the property

    owned by Defendant Betty Thomas at 2950 East 55th St. Cleveland, Ohio.

3.    Plaintiff Kassouf was there to care for the dog that lives in the building.

4.    Defendant Thomas knew that Plaintiff Kassouf would enter the premises to care for the dog.

5.    Plaintiff Kassouf did not care for the dog at the direction of Defendant Thomas and was

    under no duty to do so.



EXHIBIT

1

6.  Defendant Thomas knew or should have known that ice had formed on the floor on the inside of the building.

7.  Plaintiff Kassouf slipped on the ice and fell, shattering his right ankle.

8.  Defendant Thomas had a common law duty to exercise reasonable care to protect people legally upon the premises, such as Plaintiff Kassouf, from injury on the premises.

9.  Said common law duty included the duty to make reasonable inspections to discover hazardous conditions on the premises, act upon foreseeable hazards and to take reasonable steps to protect persons legally entering the property from such dangerous conditions.

10. Defendant Thomas breached said duty and created a foreseeable hazardous condition by allowing ice to accumulate on the inside of the building floor.

11. Defendant Thomas breached said duty by failing to give adequate warning of the dangerous conditions

12. Defendant Thomas breached said duty by not cleaning up and removing the ice before Plaintiff Kassouf fell.

13. As a direct and proximate result of Defendant Thomas' negligence, Plaintiff Kassouf has been severely and permanently injured.

14. As a result of the above injuries, Plaintiff Kassouf has incurred medical and hospital expenses and will incur additional expenses in the future.

15. As a result of the severity of his injuries, Plaintiff Kassouf was unable to work for three months and suffered loss of wages.

16. As a result of the severity of his injuries, Plaintiff Kassouf was unable to renew his asbestos license, which is necessary in his job as an asbestos evaluator, and will suffer additional lost wages into the future.

2

17.     As result of his injuries, Plaintiff Kassouf has suffered pain, mental anguish, emotional

        distress and loss of enjoyment of life.

### SECOND CLAIM FOR RELIEF
### LOSS OF CONSORTIUM

18.     Plaintiffs reincorporate, by reference, paragraphs 1 through 17 of this Complaint as if fully

        rewritten here.

19.     At all relevant times, Plaintiff Caroline Kassouf is and was the wife of Plaintiff Timothy

        Kassouf.

20.     As a direct and proximate result of Defendant's negligence, Plaintiff Caroline Kassouf has

        been deprived of her husband's services, companionship, society and consortium and is

        entitled to compensatory damages as a result thereof.

        WHEREFORE, for their claims for relief, Plaintiffs, Timothy and Caroline Kassouf

respectfully demand judgment against Defendant, Betty Thomas, in an amount in access of $25,000,

plus interest and the costs of this action, and any further relief deemed appropriate by this Honorable

Court.

Respectfully submitted,

*/s/ Rema A. Ina*

**REMA A. INA (0082549)**
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH 44114
Telephone:     (216) 687-3336
Facsimile:     (216) 621-8369
E-mail:        Rina@westonhurd.com
Counsel for Plaintiff



**UNITED STATES LIABILITY INSURANCE GROUP**
A BERKSHIRE HATHAWAY COMPANY

July 24, 2014

**VIA REGULAR AND CERTIFIED MAIL**

Betty Thomas
3780 East Pleasant Valley Rd.
Seven Hills, OH 44131

Re:   Policyholder:        Betty Thomas
      Claimant:            Timothy Kassouf
      Date of Loss:        February 26, 2014
      Our File #:          K079334
      Policy:              CL 1568893 B
      Effective Dates:     February 23, 2014 to 2015
      Issuing Company:     United States Liability Insurance Company (the Company)

Dear Ms. Thomas:

We have received your letter of July 13, 2014. It appears you have not received our letter of June 20, 2014 so we have enclosed it. There is no coverage for the Timothy Kassouf lawsuit so the Company will not provide you with a defense.

If you would like to discuss this letter, please call me at 888.523.5545, extension 2378.

Sincerely,

*Carol Ann Myrtetus*

Carol Ann Myrtetus
Claims Examiner

Enclosure

**EXHIBIT**
**2**

1190 DEVON PARK DRIVE • P.O. BOX 6700 • WAYNE, PA 19087 • 610-688-2535 • 888-523-5545 • FAX 610-688-4391

United States Liability Insurance Company • Mount Vernon Fire Insurance Company • U.S. Underwriters Insurance Company • Mount Vernon Specialty Insurance Company

USLI.COM



**UNITED STATES LIABILITY INSURANCE GROUP**
A BERKSHIRE HATHAWAY COMPANY

April 15, 2014

**VIA REGULAR AND CERTIFIED MAIL**

Betty Thomas
~~3789~~ East Pleasant Valley Rd.
Seven Hills, OH 44131

Re: Policyholder: Betty Thomas
    Claimant: Timothy Kassouf
    Date of Loss: February 26, 2014
    Our File #: K079334
    Policy: CL 1568893 B
    Effective Dates: February 23, 2014 to 2015
    Issuing Company: United States Liability Insurance Company

Dear Ms. Thomas:

United States Liability Insurance Company has investigated the circumstances surrounding Timothy Kassouf's claim. The investigation reveals that Mr. Kassouf was at the property at 2950 East 55th St., Cleveland for the purpose of caring for a dog that that guards the premises. A man named Mike Hawarth usually stayed at the premises to watch over the building and take care of the dog. On the date in question, Mr. Hawarth was not present so claimant Tim Kassouf fed the dog, changed the propane tank and let the dog out of the office. Mr. Kassouf was walking inside the building when he fell on a sloped part of the floor due to the presence of ice on the floor.

United States Liability Insurance Company (the "Company") insures you under a commercial general liability policy, which is subject to certain limits, terms, conditions, definitions and exclusions. Since this matter has been submitted to us, we have undertaken to determine what coverage, if any, is afforded under the policy. We regret to inform you at coverage is hereby disclaimed. The Company will not further investigate, nor will it indemnify or defend this matter on behalf of you or any other party.

By way of explanation, the Company refers you first to the Coverage Section of the policy



EXHIBIT
3

1190 DEVON PARK DRIVE • P.O. BOX 6700 • WAYNE, PA 19087 • 610-688-2535 • 888-523-5545 • FAX 610-688-4391

United States Liability Insurance Company • U.S. Underwriters Insurance Company • Mount Vernon Fire Insurance Company • Mount Vernon Specialty Insurance Company
Electronically Filed 10/31/2014 14:47:54 / CV 14 835204 / Confirmation Nbr. 273742 / CLMDW

**USLI.COM**

Betty Thomas
April 15, 2014
Page 2

(form CG 0001 10 01 edition) which reads in pertinent part as follows:

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as
damages because of "bodily injury" or "property damage" to which this
insurance applies. We will have the right and duty to defend the insured
against any "suit" seeking those damages. However, we will have no duty to
defend the insured against any "suit" seeking damages for "bodily injury"
or "property damage" to which this insurance does not apply. We may, at
our discretion, investigate any "occurrence" and settle any claim or "suit"
that may result.
But:

(1) The amount we will pay for damages is limited as described in Section
III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the
applicable limit of insurance in the payment of judgments or settlements
under Coverages A or B or medical expenses under Coverage C.

We now refer you to an endorsement that specifically excludes coverage for claims of this
nature. This endorsement forms part of the policy and reads in pertinent part as follows:

L-500 (1/06)
This Endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

BODILY INJURY EXCLUSION - ALL EMPLOYEES, VOLUNTEER
WORKERS, TEMPORARY WORKERS, CASUAL LABORERS,
CONTRACTORS, AND SUBCONTRACTORS
I. Paragraph 2. Exclusions subparagraph e. of Section I – Coverages, Coverage
A Bodily Injury and Property Damage Liability is deleted in its entirety and
replaced with the following:

1. "Bodily injury" to any "employee", "volunteer worker", "temporary worker"
or "casual laborer" arising out of or in the course of:
(a) Employment by any insured; or
(b) Performing duties related to the conduct of any insured's business;

Betty Thomas
April 15, 2014
Page 3

> 2. "Bodily injury" to any contractor, subcontractor or any "employee",
> "volunteer worker", "temporary worker" or "casual laborer" of any contractor
> or subcontractor arising out of or in the course of the rendering or performing
> services of any kind or nature whatsoever by such contractor, subcontractor or
> "employee", "volunteer worker", "temporary worker" or "casual laborer" of
> such contractor or subcontractor for which any insured may become liable in
> any capacity; or
>
> 3. Any obligation of any insured to indemnify or contribute with another
> because of damages arising out of such "bodily injury"; or
>
> 4. "Bodily injury" sustained by the spouse, child, parent, brother or sister of any
> "employee", "volunteer worker", "temporary worker" or "casual laborer" of
> any insured, or of a contractor, subcontractor, or of any "employee", "volunteer
> worker", "temporary worker" or "casual laborer" of any contractor or
> subcontractor as a consequence of any injury to any person as set forth in
> paragraphs 1. and 2. of this endorsement.
>
> This exclusion applies to all claims and "suits" by any person or organization for
> damages because of such "bodily injury", including damages for care and loss of
> services and any claim under which any insured may be held liable under any
> Workers' Compensation law.
>
> "Casual laborer" means any person providing work or materials to any insured
> for compensation of any type.

As loss this arises from "bodily injury" to a "volunteer worker" or a "casual laborer" the
Company disclaims coverage on the basis of endorsement L500 (1/06), cited above. "Casual
laborer" is defined in endorsement L500 (1/06). The policy's Definitions provide the
definition of a "volunteer worker":

> "Volunteer worker" means a person who is not your "employee", and who
> donates his or her work and acts at the direction of and within the scope of
> duties determined by you, and is not paid a fee, salary or other compensation by
> you or anyone else for their work performed for you.

This coverage determination applies to the allegations presented against you and the
information available to us. If you have information that could affect this coverage decision,
or if you receive new information, or legal papers, please advise us immediately. There may
be other reasons for which coverage does not exist for this loss, and our failure to enumerate

Betty Thomas
April 15, 2014
Page 4

in this letter each and every potential ground for a coverage denial does not mean that we have waived any of our rights. We reserve all of our rights under the policy.

If you would like to discuss this letter, please call me at 888.523.5545, extension 2378.

Sincerely,

*Carol Ann Myrtetus /pat*

Carol Ann Myrtetus
Claims Examiner

c:    Couch Braunsdorf Insurance Group, Inc.
      P.O. Box 888
      Liberty Corner, NJ 07938

      Douglas Deacon
      VIA E-MAIL ONLY d5dmd@aol.com

UNITED STATES LIABILITY INSURANCE COMPANY
1190 DEVON PARK DRIVE
P. O. BOX 6700
WAYNE PA 19087-2191

## NOTICE OF CANCELLATION OF INSURANCE

Named Insured & Mailing Address:

Producer: 4125

BETTY THOMAS
3780 EAST PLEASANT VALLEY ROAD
SEVEN HILLS, OH 44131

COUCH BRAUNSDORF INSURANCE GROUP, INC.
(WHOLESALE)
PO BOX 888
LIBERTY CORNER NJ 07938

Policy No.: CL 1568893B
Type of Policy: COMMERCIAL LIABILITY
Date of Cancellation: 05/26/2014; 12:01 A.M. Local Time at the mailing address of the Named Insured.

We are cancelling this policy. Your insurance will cease on the Date of Cancellation shown above.

The reason for cancellation is Change in risk that substantially increases hazard. Risk in not fully vacant and is occupied.

Named Insured

BETTY THOMAS
3780 EAST PLEASANT VALLEY ROAD
SEVEN HILLS, OH 44131

Date Mailed:
22nd day of April, 2014

GALEN KOLODZIEJ

Electronically Filed 05/01/2014 17:51 / / CV 14 835204 / Confirmation Nbr. 273742 / CLMDW
CDEN 3.0.14.02b
Copy for Named Insured

OHCC15NONE APP
04222014MYNY
Page 1 of 1

## COVENANT NOT TO EXECUTE
## AND ASSIGNMENT OF RIGHTS

This Agreement is made and entered into this *12* day of *Sept*, 2014, by and between: Timothy and Caroline Kassouf ("the Kassoufs") and Betty Thomas ("Thomas").

### I.    Recitals

A.    Thomas owns a building located at 2950 East 55th St. Cleveland, Ohio;

B.    On or about February 26, 2014, Timothy Kassouf was legally upon the property owned by Thomas at 2950 East 55th St. Cleveland, Ohio;

C.    Timothy Kassouf was there to care for the dog that lives in the building;

D.    Thomas knew that Timothy Kassouf would enter the premises to care for the dog;

E.    Timothy Kassouf did not care for the dog at the direction of Thomas and was under no duty to do so;

F.    Timothy Kassouf slipped on the ice that had formed on the floor of the building;

G.    Thomas had a common law duty to exercise reasonable care to protect Timothy Kassouf from injury on the premises;

H.    Said common law duty included the duty to make reasonable inspections to discover hazardous conditions on the premises, act upon foreseeable hazards, and to take reasonable steps to protect persons legally entering the property from such dangerous conditions;

I.    Thomas breached said duty and created a foreseeable hazardous condition by allowing ice to accumulate on the inside of the building floor, by failing to give adequate warning of the dangerous conditions, and by not cleaning up and removing the ice before Kassouf fell;


EXHIBIT
4

J.     As a direct and proximate result of Thomas' negligence, Timothy Kassouf has been severely and permanently injured;

K.     As a result of the above injuries, Timothy Kassouf has incurred medical and hospital expenses and will incur additional expenses in the future;

L.     As a result of the severity of his injuries, Timothy Kassouf was unable to work for three months and suffered loss of wages;

M.     As a result of the severity of his injuries, Timothy Kassouf was unable to renew his asbestos license, which is necessary in his job as an asbestos evaluator, and will suffer additional lost wages into the future;

N.     As a result of his injuries, Timothy Kassouf has suffered pain, mental anguish, emotional distress and loss of enjoyment of life;

O.     As a direct and proximate result of Thomas' negligence, Caroline Kassouf has been deprived of her husband's services, companionship, society and consortium;

P.     On July 13, 2014, Thomas tendered the defense of this case to her insurer, United States Liability Insurance Group;

Q.     United States Liability Insurance Group refused to defend and indemnify Thomas.

## II. Assignment and Covenant Not to Execute

R.     Thomas hereby assigns, transfers and conveys, to the Kassoufs, every right, claim, benefit, and cause of action, whether arising in tort or contract, or under state or federal law, which Thomas possess, with respect to this incident, as against United States Liability Insurance Group;

S.     This assignment shall be binding upon and inure to the benefit of the above parties, their representatives, successors and assigns;

T. The interpretation of this assignment shall be governed by the laws of the State of Ohio;

U. Entering into this assignment, Thomas acknowledges that she had the opportunity to consult with counsel, of her own choice, concerning the legal and income tax consequences of The Assignment and that the terms of The Assignment have been completely read and understood and voluntarily accepted by Thomas;

V. Thomas also represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in The Assignment, and which Thomas is assigning to the Kassoufs, and that Thomas has the sole right and exclusive authority to execute The Assignment;

W. Thomas agrees to cooperate fully and execute any and all supplementary documents and to take all additional actions, which may be necessary and appropriate, to give full force and effect to the basic terms and intent of The Assignment and to cooperate in the Kassoufs' efforts to recover against United States Liability Insurance Group;

X. In consideration for the foregoing, the Kassoufs agree and covenant not to execute on the personal, non-insurance assents of Thomas, and further will only seek to collect the judgment from her liability insurance policy with United Liability Insurance Group;

Y. The Kassoufs further agree that they intend to prosecute and action against United States Liability Insurance Group by virtue of the transfer, conveyance, and assignment contained this document and that they will execute and otherwise cause to be filed an entry with the Cuyahoga Court of Common Pleas in Case No. CV14 828383, upon resolution or completion of the action against United States Liability Insurance Group, a document indicating that the above-

3

mentioned Consent Judgment has been satisfied and otherwise discharging the judgment as consented to.

      Z.     This agreement shall become effective immediately upon execution below.


Betty Thomas
3780 East Pleasant Valley Rd.
Seven Hills, Ohio 44131

4



CV14828383   86073274

FILED

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

2014 SEP 25  A 8: 39

TIMOTHY AND CAROLINE KASSOUF )   CASE NO. 14 828383 CLERK OF COURTS
                                )                    CUYAHOGA COUNTY
          Plaintiffs            )   JUDGE BARKER
                                )
     v.                         )
                                )
BETTY THOMAS                    )
                                )
          Defendant             )   CONSENT JUDGMENT ENTRY
                                )

Plaintiffs, Timothy and Caroline Kassouf, by and through undersigned counsel, and Defendant, Betty Thomas, have agreed to the entry of judgment in favor of Plaintiffs and have signed below.

1.     Judgment is hereby entered in favor of Plaintiff and against Defendant on the claims set forth in the Complaint filed in the above-captioned case in the amount of $263,000.

2.     Defendant shall assign, transfer and convey, to the Plaintiffs, every right, claim, benefit, and cause of action, whether arising in tort or contract, or under state or federal law, which Defendant possesses, with respect to this incident, against the Defendant's liability insurer, United States Liability Insurance Group;

3.     The Court shall retain jurisdiction to enforce the terms of the settlement of this case.

4.     Costs shall be taxed to Plaintiff.



EXHIBIT
5

Respectfully submitted by:

REMA A. INA (0082549)
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH 44114
Telephone:     (216) 687-3336
Facsimile:     (216) 621-8369
E-mail:        Rina@westonhurd.com
Counsel for Plaintiff

Betty Thomas
3780 East Pleasant Valley Rd.
Seven Hills, Ohio 44131

Defendant

**IT IS SO ORDERED.**

9-17-14
DATE

JUDGE PAMELA A. BARKER

RECEIVED FOR FILING

SEP 2 5 2014

CUYAHOGA COUNTY
CLERK OF COURTS
By _____ Deputy

K079335

UNITED STATES LIABILITY
INSURANCE GROUP

NOV 12 2014

LEGAL & COMPLIANCE

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| TIMOTHY AND CAROLINE KASSOUF, | ) ) | CASE NO. 835204 |
| | ) | JUDGE BRENDAN J. SHEEHAN |
| Plaintiffs | ) | |
| | ) | **PLAINTIFFS' FIRST SET OF** |
| v. | ) | **REQUESTS FOR ADMISSIONS TO** |
| | ) | **DEFENDANT UNITED STATES** |
| UNITED STATES LIABILITY INSURANCE GROUP, | ) ) | **LIABILITY INSURANCE GROUP** |
| | ) | |
| Defendant. | ) | |

Plaintiffs, Timothy and Caroline Kassouf, propound the following Requests for Admissions pursuant to Ohio Rule of Civil Procedure 36 to the Defendant, United States Liability Insurance Group ("USLI"). USLI is hereby commanded to serve its responses to these discovery requests upon Plaintiffs' undersigned counsel within 28 days of the date these requests are served.

These discovery requests are subject to the requirement that they be supplemented pursuant to the provisions of Ohio Civil Rule 26(B), should additional information be subsequently obtained by USLI or its counsel.

## REQUEST FOR ADMISSIONS

1. USLI issued Betty Thomas a policy of insurance bearing policy no. CL 1568893 with a policy period of February 23, 2014 to 2015 ("The Policy").

   ANSWER:

2. Plaintiffs brought Cuyahoga County Common Pleas Case No. CV 14 82383 against the insured, Betty Thomas.

   ANSWER:

3. Attached as Exhibit A is a true and accurate copy of the complaint in Cuyahoga County Common Pleas Case No. CV 14 82383.

   ANSWER:

4. Plaintiffs contend that Plaintiff Timothy Kassouf fell at Thomas' property at 2950 East 55th St. Cleveland, Ohio.

   ANSWER:

5. Plaintiffs contend Thomas breached her duty to exercise reasonable care in protecting Kassouf when he was on her property.

   ANSWER:

6. Plaintiffs contend that Kassouf cared for a dog on Thomas' property.

   ANSWER:

7. Plaintiffs contend that Kassouf's care for the dog was not at the direction of Thomas.

ANSWER:

8. Thomas entered into a consent judgment entering judgment in favor of the Plaintiffs in Cuyahoga County Case No. CV 14 828383.

ANSWER:

9. Attached as Exhibit B is a true and accurate copy of the consent judgment in Cuyahoga County Common Pleas Case No. CV 14 82383.

ANSWER:

10. Thomas assigned, transferred, and conveyed to Plaintiffs her rights against USLI.

ANSWER:

11. Attached as Exhibit C is a true and accurate copy of the covenant not to execute and assignment of rights.

ANSWER:

12. USLI investigated the circumstances surrounding Kassouf's claim.

ANSWER:

13. Attached as Exhibit D is a true and accurate copy of the letter USLI sent Thomas regarding the findings of its investigation.

ANSWER:

14. USLI told Thomas it would not indemnify or defend her in the claim against Kassouf.

ANSWER:

15. USLI denied coverage to Thomas because of an endorsement in The Policy which contains an exclusion for "volunteer workers" and "casual laborers."

ANSWER:

16. The Policy defines a "casual laborer" as "any person providing work or materials to any insured for compensation of any type."

ANSWER:

17. Kassouf did not receive any compensation of any type from the insured, Thomas.

ANSWER:

18. The Policy defines a "volunteer worker" as "a person who is not your 'employee,' and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you."

ANSWER:

19. Kassouf did not donate work at the direction of the insured, Thomas.

ANSWER:

20. Kassouf did not donate work within the scope of duties determined by the insured Thomas.

ANSWER:

21. USLI sent Thomas a letter dated July 24, 2014 informing her it finds no coverage in her claim and that it would not defend her in the case against the Plaintiffs.

ANSWER:

8

22. Attached as Exhibit E is a true and accurate copy of the letter USLI sent to Thomas denying coverage and a defense

ANSWER:

23. There is no evidence Plaintiff Timothy Kassouf did any work for any compensation from the insured Betty Thomas.

ANSWER:

24. There is no evidence Plaintiff Timothy Kassouf did any work at the direction of the insured Betty Thomas.

ANSWER:

Respectfully submitted

**REMA A. INA (0082549)**
Rina@westonhurd.com
**Weston Hurd LLP**
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, Ohio  44114-1862
216.241.6602
Fax 216.621.8369

*Attorney for Timothy and Caroline Kassouf*

10

## CERTIFICATE OF SERVICE

A copy of the foregoing, was served via regular U.S. Mail, postage prepaid, this

6th day of November to:

United States Liability Insurance Group
1190 Devon Park Drive
P.O. Box 6700
Wayne, Pennsylvania 19087

*Defendant*

**REMA A. INA**

11



**ANDREA F. ROCCO**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
June 16, 2014 15:06

By: REMA A. INA 0082549

Confirmation Nbr. 155989

TIMOTHY AND CAROLINE KASSOUF, ET AL

vrs.

BETTY THOMAS

CV 14 828383

Judge:

PAMELA A. BARKER

Pages Filed: 3



PLAINTIFF'S
EXHIBIT
A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| TIMOTHY AND CAROLINE KASSOUF | ) | CASE NO. |
| 4092 Tudor Avenue | ) | |
| Brunswick, Ohio 44212 | ) | **JUDGE** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BETTY THOMAS** | ) | **COMPLAINT** |
| 3780 East Pleasant Valley Rd. | ) | |
| Seven Hills, Ohio 44131 | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

Now come the Plaintiffs, Timothy and Caroline Kassouf, by and through undersigned

counsel, and for their Complaint against Defendant, Betty Thomas, set forth as follows:

### FIRST CLAIM FOR RELIEF
### PREMISES LIABILITY

1.     Defendant Thomas owns a building located at 2950 East 55th St. Cleveland, Ohio.

2.     On or about February 26, 2014, Plaintiff Timothy Kassouf was legally upon the property

       owned by Defendant Betty Thomas at 2950 East 55th St. Cleveland, Ohio.

3.     Plaintiff Kassouf was there to care for the dog that lives in the building.

4.     Defendant Thomas knew that Plaintiff Kassouf would enter the premises to care for the dog.

5.     Plaintiff Kassouf did not care for the dog at the direction of Defendant Thomas and was

       under no duty to do so.

6.　　Defendant Thomas knew or should have known that ice had formed on the floor on the inside of the building.

7.　　Plaintiff Kassouf slipped on the ice and fell, shattering his right ankle.

8.　　Defendant Thomas had a common law duty to exercise reasonable care to protect people legally upon the premises, such as Plaintiff Kassouf, from injury on the premises.

9.　　Said common law duty included the duty to make reasonable inspections to discover hazardous conditions on the premises, act upon foreseeable hazards and to take reasonable steps to protect persons legally entering the property from such dangerous conditions.

10.　　Defendant Thomas breached said duty and created a foreseeable hazardous condition by allowing ice to accumulate on the inside of the building floor.

11.　　Defendant Thomas breached said duty by failing to give adequate warning of the dangerous conditions

12.　　Defendant Thomas breached said duty by not cleaning up and removing the ice before Plaintiff Kassouf fell.

13.　　As a direct and proximate result of Defendant Thomas' negligence, Plaintiff Kassouf has been severely and permanently injured.

14.　　As a result of the above injuries, Plaintiff Kassouf has incurred medical and hospital expenses and will incur additional expenses in the future.

15.　　As a result of the severity of his injuries, Plaintiff Kassouf was unable to work for three months and suffered loss of wages.

16.　　As a result of the severity of his injuries, Plaintiff Kassouf was unable to renew his asbestos license, which is necessary in his job as an asbestos evaluator, and will suffer additional lost wages into the future.

2

17.     As result of his injuries, Plaintiff Kassouf has suffered pain, mental anguish, emotional distress and loss of enjoyment of life.

**SECOND CLAIM FOR RELIEF**
**LOSS OF CONSORTIUM**

18.     Plaintiffs reincorporate, by reference, paragraphs 1 through 17 of this Complaint as if fully rewritten here.

19.     At all relevant times, Plaintiff Caroline Kassouf is and was the wife of Plaintiff Timothy Kassouf.

20.     As a direct and proximate result of Defendant's negligence, Plaintiff Caroline Kassouf has been deprived of her husband's services, companionship, society and consortium and is entitled to compensatory damages as a result thereof.

WHEREFORE, for their claims for relief, Plaintiffs, Timothy and Caroline Kassouf respectfully demand judgment against Defendant, Betty Thomas, in an amount in access of $25,000, plus interest and the costs of this action, and any further relief deemed appropriate by this Honorable Court.

Respectfully submitted,

/s/ Rema A. Ina

**REMA A. INA (0082549)**
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH 44114
Telephone:     (216) 687-3336
Facsimile:     (216) 621-8369
E-mail:     Rina@westonhurd.com
Counsel for Plaintiff

3



CV14828383                86073274

FILED

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

2014 SEP 25  A 8: 39

CLERK OF COURTS
CUYAHOGA COUNTY

| | |
|---|---|
| TIMOTHY AND CAROLINE KASSOUF | ) CASE NO. 14 828383 |
| | ) |
| Plaintiffs | ) JUDGE BARKER |
| | ) |
| v. | ) |
| | ) |
| BETTY THOMAS | ) |
| | ) |
| Defendant | ) CONSENT JUDGMENT ENTRY |
| | ) |

Plaintiffs, Timothy and Caroline Kassouf, by and through undersigned counsel, and Defendant, Betty Thomas, have agreed to the entry of judgment in favor of Plaintiffs and have signed below.

1.      Judgment is hereby entered in favor of Plaintiff and against Defendant on the claims set forth in the Complaint filed in the above-captioned case in the amount of $263,000.

2.      Defendant shall assign, transfer and convey, to the Plaintiffs, every right, claim, benefit, and cause of action, whether arising in tort or contract, or under state or federal law, which Defendant possesses, with respect to this incident, against the Defendant's liability insurer, United States Liability Insurance Group;

3.      The Court shall retain jurisdiction to enforce the terms of the settlement of this case.

4.      Costs shall be taxed to Plaintiff.



PLAINTIFF'S
EXHIBIT
B

Respectfully submitted by:

REMA A. INA (0082549)
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH 44114
Telephone:     (216) 687-3336
Facsimile:     (216) 621-8369
E-mail:        Rina@westonhurd.com
Counsel for Plaintiff

Betty Thomas
3780 East Pleasant Valley Rd.
Seven Hills, Ohio 44131

Defendant


**IT IS SO ORDERED.**


9-17-14
DATE

JUDGE PAMELA A. BARKER


RECEIVED FOR FILING

SEP 2 5 2014

CUYAHOGA COUNTY
CLERK OF COURTS
By_____ Deputy

2

## COVENANT NOT TO EXECUTE
## AND ASSIGNMENT OF RIGHTS

This Agreement is made and entered into this _12_ day of _Sept_, 2014, by and between:
Timothy and Caroline Kassouf ("the Kassoufs") and Betty Thomas ("Thomas").

### I.      Recitals

A.      Thomas owns a building located at 2950 East 55th St. Cleveland, Ohio;

B.      On or about February 26, 2014, Timothy Kassouf was legally upon the property
owned by Thomas at 2950 East 55th St. Cleveland, Ohio;

C.      Timothy Kassouf was there to care for the dog that lives in the building;

D.      Thomas knew that Timothy Kassouf would enter the premises to care for the dog;

E.      Timothy Kassouf did not care for the dog at the direction of Thomas and was
under no duty to do so;

F.      Timothy Kassouf slipped on the ice that had formed on the floor of the building;

G.      Thomas had a common law duty to exercise reasonable care to protect Timothy
Kassouf from injury on the premises;

H.      Said common law duty included the duty to make reasonable inspections to
discover hazardous conditions on the premises, act upon foreseeable hazards, and to take
reasonable steps to protect persons legally entering the property from such dangerous conditions;

I.      Thomas breached said duty and created a foreseeable hazardous condition by
allowing ice to accumulate on the inside of the building floor, by failing to give adequate
warning of the dangerous conditions, and by not cleaning up and removing the ice before
Kassouf fell;



J.      As a direct and proximate result of Thomas' negligence, Timothy Kassouf has been severely and permanently injured;

K.      As a result of the above injuries, Timothy Kassouf has incurred medical and hospital expenses and will incur additional expenses in the future;

L.      As a result of the severity of his injuries, Timothy Kassouf was unable to work for three months and suffered loss of wages;

M.      As a result of the severity of his injuries, Timothy Kassouf was unable to renew his asbestos license, which is necessary in his job as an asbestos evaluator, and will suffer additional lost wages into the future;

N.      As a result of his injuries, Timothy Kassouf has suffered pain, mental anguish, emotional distress and loss of enjoyment of life;

O.      As a direct and proximate result of Thomas' negligence, Caroline Kassouf has been deprived of her husband's services, companionship, society and consortium;

P.      On July 13, 2014, Thomas tendered the defense of this case to her insurer, United States Liability Insurance Group;

Q.      United States Liability Insurance Group refused to defend and indemnify Thomas.

## II. Assignment and Covenant Not to Execute

R.      Thomas hereby assigns, transfers and conveys, to the Kassoufs, every right, claim, benefit, and cause of action, whether arising in tort or contract, or under state or federal law, which Thomas possess, with respect to this incident, as against United States Liability Insurance Group;

S.      This assignment shall be binding upon and inure to the benefit of the above parties, their representatives, successors and assigns;

2

T.   The interpretation of this assignment shall be governed by the laws of the State of Ohio;

U.   Entering into this assignment, Thomas acknowledges that she had the opportunity to consult with counsel, of her own choice, concerning the legal and income tax consequences of The Assignment and that the terms of The Assignment have been completely read and understood and voluntarily accepted by Thomas;

V.   Thomas also represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in The Assignment, and which Thomas is assigning to the Kassoufs, and that Thomas has the sole right and exclusive authority to execute The Assignment;

W.   Thomas agrees to cooperate fully and execute any and all supplementary documents and to take all additional actions, which may be necessary and appropriate, to give full force and effect to the basic terms and intent of The Assignment and to cooperate in the Kassoufs' efforts to recover against United States Liability Insurance Group;

X.   In consideration for the foregoing, the Kassoufs agree and covenant not to execute on the personal, non-insurance assents of Thomas, and further will only seek to collect the judgment from her liability insurance policy with United Liability Insurance Group;

Y.   The Kassoufs further agree that they intend to prosecute and action against United States Liability Insurance Group by virtue of the transfer, conveyance, and assignment contained this document and that they will execute and otherwise cause to be filed an entry with the Cuyahoga Court of Common Pleas in Case No. CV14 828383, upon resolution or completion of the action against United States Liability Insurance Group, a document indicating that the above-

3

mentioned Consent Judgment has been satisfied and otherwise discharging the judgment as consented to.

Z.      This agreement shall become effective immediately upon execution below.


*Betty Thomas*

Betty Thomas
3780 East Pleasant Valley Rd.
Seven Hills, Ohio 44131

4



**UNITED STATES LIABILITY INSURANCE GROUP**
A BERKSHIRE HATHAWAY COMPANY

April 15, 2014

**VIA REGULAR AND CERTIFIED MAIL**

Betty Thomas
~~3789 East~~ Pleasant Valley Rd.
Seven Hills, OH 44131

Re: Policyholder:      Betty Thomas
    Claimant:          Timothy Kassouf
    Date of Loss:      February 26, 2014
    Our File #:        K079334
    Policy:            CL 1568893 B
    Effective Dates:   February 23, 2014 to 2015
    Issuing Company:   United States Liability Insurance Company

Dear Ms. Thomas:

United States Liability Insurance Company has investigated the circumstances surrounding
Timothy Kassouf's claim. The investigation reveals that Mr. Kassouf was at the property at
2950 East 55th St., Cleveland for the purpose of caring for a dog that that guards the
premises. A man named Mike Hawarth usually stayed at the premises to watch over the
building and take care of the dog. On the date in question, Mr. Hawarth was not present so
claimant Tim Kassouf fed the dog, changed the propane tank and let the dog out of the
office. Mr. Kassouf was walking inside the building when he fell on a sloped part of the
floor due to the presence of ice on the floor.

United States Liability Insurance Company (the "Company") insures you under a
commercial general liability policy, which is subject to certain limits, terms, conditions,
definitions and exclusions. Since this matter has been submitted to us, we have undertaken to
determine what coverage, if any, is afforded under the policy. We regret to inform you at
coverage is hereby disclaimed. The Company will not further investigate, nor will it
indemnify or defend this matter on behalf of you or any other party.

By way of explanation, the Company refers you first to the Coverage Section of the policy



PLAINTIFF'S
EXHIBIT
D

1190 DEVON PARK DRIVE · P.O. BOX 6700 · WAYNE, PA 19087 · 610-688-2535 · 888-523-5545 · FAX 610-686-4391

United States Liability Insurance Company · Mount Vernon Fire Insurance Company · U.S. Underwriters Insurance Company · Mount Vernon Specialty Insurance Company

**USLI.COM**

Betty Thomas
April 15, 2014
Page 2

(form CG 0001 10 01 edition) which reads in pertinent part as follows:

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

a. **We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.**
   **But:**
   **(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and**
   **(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.**

We now refer you to an endorsement that specifically excludes coverage for claims of this nature. This endorsement forms part of the policy and reads in pertinent part as follows:

**L-500 (1/06)**
**This Endorsement modifies insurance provided under the following:**
**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**BODILY INJURY EXCLUSION - ALL EMPLOYEES, VOLUNTEER WORKERS, TEMPORARY WORKERS, CASUAL LABORERS, CONTRACTORS, AND SUBCONTRACTORS**
**I. Paragraph 2. Exclusions subparagraph e. of Section J – Coverages, Coverage A Bodily Injury and Property Damage Liability is deleted in its entirety and replaced with the following:**

**1. "Bodily injury" to any "employee", "volunteer worker", "temporary worker" or "casual laborer" arising out of or in the course of:**
   **(a) Employment by any insured; or**
   **(b) Performing duties related to the conduct of any insured's business;**

Betty Thomas
April 15, 2014
Page 3

2. "Bodily injury" to any contractor, subcontractor or any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor, subcontractor or "employee", "volunteer worker", "temporary worker" or "casual laborer" of such contractor or subcontractor for which any insured may become liable in any capacity; or

3. Any obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury"; or

4. "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any insured, or of a contractor, subcontractor, or of any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor as a consequence of any injury to any person as set forth in paragraphs 1. and 2. of this endorsement.

This exclusion applies to all claims and "suits" by any person or organization for damages because of such "bodily injury", including damages for care and loss of services and any claim under which any insured may be held liable under any Workers' Compensation law.

"Casual laborer" means any person providing work or materials to any insured for compensation of any type.

As loss this arises from "bodily injury" to a "volunteer worker" or a "casual laborer" the Company disclaims coverage on the basis of endorsement L500 (1/06), cited above. "Casual laborer" is defined in endorsement L500 (1/06). The policy's Definitions provide the definition of a "volunteer worker":

"Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

This coverage determination applies to the allegations presented against you and the information available to us. If you have information that could affect this coverage decision, or if you receive new information, or legal papers, please advise us immediately. There may be other reasons for which coverage does not exist for this loss, and our failure to enumerate

Betty Thomas
April 15, 2014
Page 4

in this letter each and every potential ground for a coverage denial does not mean that we
have waived any of our rights. We reserve all of our rights under the policy.

If you would like to discuss this letter, please call me at 888.523.5545, extension 2378.

Sincerely,

*Carol Ann Myrtetus / pat*

Carol Ann Myrtetus
Claims Examiner

c:      Couch Braunsdorf Insurance Group, Inc.
        P.O. Box 888
        Liberty Corner, NJ 07938

        Douglas Deacon
        **VIA E-MAIL ONLY** d5dmd@aol.com

UNITED STATES LIABILITY INSURANCE COMPANY
1190 DEVON PARK DRIVE
P. O. BOX 6700
WAYNE PA 19087-2191

# NOTICE OF CANCELLATION OF INSURANCE

Named Insured & Mailing Address:

BETTY THOMAS
3780 EAST PLEASANT VALLEY ROAD
SEVEN HILLS, OH 44131

Producer: 4125

COUCH BRAUNSDORF INSURANCE GROUP, INC.
(WHOLESALE)
PO BOX 888
LIBERTY CORNER NJ 07938

Policy No.: CL 1568893B
Type of Policy:  COMMERCIAL LIABILITY
Date of Cancellation:  05/26/2014; 12:01 A.M. Local Time at the mailing address of the Named Insured.

We are cancelling this policy.  Your insurance will cease on the Date of Cancellation shown above.

The reason for cancellation is  Change in risk that substantially increases hazard. Risk in not fully vacant and is occupied.

Named Insured

BETTY THOMAS
3780 EAST PLEASANT VALLEY ROAD
SEVEN HILLS, OH 44131

Date Mailed:
22nd day of April, 2014

GALEN KOLODZIEJ

FORM# CC9697OH51995
ODEN 3.0.14.02a
Copy for Named Insured
OHCC15NONE APP
04222014MYNY
Page 1 of 1



**UNITED STATES LIABILITY INSURANCE GROUP**
A BERKSHIRE HATHAWAY COMPANY

July 24, 2014

## VIA REGULAR AND CERTIFIED MAIL

Betty Thomas
3780 East Pleasant Valley Rd.
Seven Hills, OH 44131

Re:  Policyholder:    Betty Thomas
     Claimant:        Timothy Kassouf
     Date of Loss:    February 26, 2014
     Our File #:      K079334
     Policy:          CL 1568893 B
     Effective Dates: February 23, 2014 to 2015
     Issuing Company: United States Liability Insurance Company (the Company)

Dear Ms. Thomas:

We have received your letter of July 13, 2014. It appears you have not received our letter of June 20, 2014 so we have enclosed it.  There is no coverage for the Timothy Kassouf lawsuit so the Company will not provide you with a defense.

If you would like to discuss this letter, please call me at 888.523.5545, extension 2378.

Sincerely,

Carol Ann Myrtetus

Carol Ann Myrtetus
Claims Examiner

Enclosure

**PLAINTIFF'S
EXHIBIT
E**