UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY KASSOUF, et al., | ) | Case No. 1:14CV2656 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Mag. Judge Kenneth S. McHargh |
| vs. | ) | |
| | ) | |
| UNITED STATES LIABILITY CO., | ) | |
| | ) | MEMORANDUM |
| Defendant. | ) | AND ORDER |
| | ) | |

The plaintiffs Timothy Kassouf ("Kassouf") and Caroline Kassouf filed a complaint against defendant United States Liability Insurance Group[1] (hereinafter, "US Liability" or "USLI") in the Cuyahoga County (Ohio) Court of Common Pleas for declaratory judgment in an insurance coverage dispute. The defendant removed the case to this court.

Timothy Kassouf fell on property owned by Betty Thomas ("Thomas") at 2950 East 55th Street in Cleveland, Ohio, on February 26, 2014. Plaintiffs filed suit against Thomas in Cuyahoga County (Case No. 14-828383, "the underlying case"), and Thomas tendered the defense of her case to the defendant in this case, US

---

[1] The defendant's name was subsequently corrected to "United States Liability Company." (Doc. 14.)

Liability, which refused to defend.  US Liability did not participate at all in the underlying case.

Thomas and the plaintiffs settled the underlying case, and entered into a Consent Judgment.  Thomas agreed to a judgment in favor of Kassouf in the amount of $263,000.  Thomas assigned her rights against US Liability to the plaintiffs.  Plaintiffs then brought this supplemental petition against US Liability pursuant to Ohio Rev. Code § 3929.06, and seek to recover the $263,000 judgment from US Liability.

The parties filed motions for summary judgment, which were denied (doc. 22), and the action went to trial.

A bench trial was held in this matter on December 17, 2015.  The parties had entered into the following stipulations prior to trial (doc. 26), and the court adopts these factual findings arising therefrom:

> 1. The parties stipulated to the authenticity and admissibility of the Commercial Insurance Policy, No. CL 1568893B (and attached endorsements), issued by United States Liability Insurance Group to Betty Thomas for the policy term 02/23/2014 to 02/23/2015.
>
> 2. The parties stipulated that the amount of the judgment at issue is $263,000.
>
> 3. The parties stipulated that USLI denied insurance coverage based on the exclusion in the endorsement captioned "BODILY INJURY EXCLUSION – ALL EMPLOYEES, VOLUNTEER WORKERS, TEMPORARY WORKERS, CASUAL LABORERS, CONTRACTORS, AND SUBCONTRACTORS" and the definitions of "casual laborere" and "volunteer worker" in the USLI Policy.
>
> 4. The parties stipulated that, if USLI cannot demonstrate the applicability of the exclusion, Plaintiffs are entitled to a Declaratory Judgment that the USLI policy applies to the judgment at issue and USLI will pay Plaintiffs the judgment at issue.

US Liability denied coverage to Thomas on the basis of an endorsement in the policy which contains exclusions for "volunteer workers" and "casual laborers."

The policy defines a "volunteer worker" as "a person who is not your 'employee,' and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you."  (Doc. 3, DX A, at [20], Sect. V.20.)  The endorsement defines a "casual laborer" as "any person providing work or materials to any insured for compensation of any type."  (Doc. 3, DX A, at [38], Endorsement L-500 (1/06).)

At trial, testimony was presented from Betty Thomas, via videodisc, and plaintiff Timothy Kassouf, in person.  There was no testimony, or any other evidence, to demonstrate that Kassouf was a "volunteer worker," as defined in the policy exclusion.  There was no testimony that Kassouf was on the premises, where he was injured, performing any action "at the direction of and within the scope of duties determined by" the insured, that is, Thomas.

Furthermore, there was no testimony, or any other evidence, to demonstrate that Kassouf was a "casual laborer,"  as defined in the policy exclusion.  There was no testimony that Kassouf was on the premises performing any work for the insured (Thomas) "for compensation of any type."  Thus, the court finds that the defendant US Liability has failed to demonstrate that either of the policy exclusions at issue apply to the case before the court.  The court finds that the policy applies to the judgment at issue.

After consideration of the evidence presented before the court, both documentary and testimonial, the court finds that a preponderance of the evidence supports a verdict in favor of the plaintiffs, and against the defendant.

Thus, declaratory judgment will be entered in favor of the Kassoufs, and US Liability shall pay the judgment at issue of $263,000 to the Kassoufs.

IT IS SO ORDERED.

Dated:   Dec. 17, 2015                             /s/ Kenneth S. McHargh
                                                             Kenneth S. McHargh
                                                             United States Magistrate Judge